STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

July 19, 2021
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS CHARLES,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0277** (BOR Appeal No. 2054802)
(Claim No. 2001050236)

**WEST VIRGINIA OFFICES OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**KAMCO TRANSPORT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Charles, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied authorization of the medication Robaxin on June 20, 2018. On August 1, 2018, the claims administrator denied authorization for sacroiliac nerve blocks. The Workers' Compensation Office of Judges ("Office of Judges") reversed the June 20, 2018, decision and authorized Robaxin in its October 4, 2019, Order. The claims administrator's August 1, 2018, decision was affirmed. The Order was affirmed by the Board of Review on February 28, 2020.[1]

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no

---

[1]The only issue on appeal is the denial of sacroiliac joint injections.

1

substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]
>
> . . . .
>
> (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Charles, a coal truck driver was injured when a tire exploded in his face on April 18, 2001. He was taken to Charleston Area Medical Center after he was found unresponsive on the scene. Mr. Charles was diagnosed with closed head injury, blunt chest trauma, bilateral shoulder contusions, and acute cervical strain. The Employees' and Physicians' Report of Injury, completed the following day, indicates Mr. Charles was working on a tire when it exploded, sending him twenty feet from the truck and knocking him unconscious. The physicians' section listed the diagnoses as blunt force trauma, bilateral shoulder contusions, and a cervical strain. An April 20, 2001, cervical MRI showed an increased signal in the soft tissues that was indicative of a possible ligament injury. There was no evidence of fracture or altered alignment. The claim was held compensable for neck sprain, head injury, shoulder contusion, and post-concussion syndrome.

On January 25, 2002, David Weinswig, M.D., recommended cervical and lumbar MRIs due to low back and bilateral hip pain since the work injury. On August 12, 2002, Mr. Charles underwent a Functional Capacity Evaluation in which it was recommended that he be treated for neck, low back, left shoulder, and left knee pain with pain management. Vocational rehabilitation was also recommended.

In a January 25, 2010, independent medical evaluation, Louis Loimil, M.D., opined that Mr. Charles did not need maintenance care for musculoskeletal problems. He assessed 21% whole person impairment representing 8% for the cervical spine, 8% for the thoracic spine, and 8% for the lumbar spine.

In a June 8, 2018, treatment note, Ms. Rice-Jacobs noted that Mr. Charles was treated for neck, bilateral shoulder, thoracic, and low back pain. Mr. Charles requested something for his pain other than Tramadol. Nerve blocks were recommended. Ms. Rice-Jacobs diagnosed cervical spondylosis without myelopathy or radiculopathy, traumatic brain injury, low back pain, and chronic lumbar sprain/strain. The claims administrator denied authorization for the medication Robaxin on June 20, 2018, based on Dr. Bowman's evaluation. The decision was reversed by the Office of Judges and the medication was approved.

Ahmet Ozturk, M.D., of Cabell Huntington Hospital Pain Management Center, saw Mr. Charles for a consultation on July 19, 2018, for low back and hip pain that has been present since his 2001 injury. Dr. Ozturk diagnosed sacroiliac joint dysfunction and myofascial pain syndrome. He requested sacroiliac nerve blocks. The claims administrator denied authorization for sacroiliac nerve blocks on August 1, 2018.

In its October 4, 2019, Order, the Office of Judges affirmed the claims administrator's denial of sacroiliac joint injections. The Office of Judges determined that the claim is not compensable for sacroiliac joint dysfunction or myofascial pain syndrome, the conditions for which the injections were requested. The medical treatment was therefore properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 28, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1(a) workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Mr. Charles has failed to show by a preponderance of the evidence that sacroiliac joint injections are medically necessary and reasonably required treatment for a compensable injury. The treatment was requested due to sacroiliac joint dysfunction and myofascial pain syndrome. Neither condition is compensable in this claim, and the requested treatment was properly denied. The decision of the Board of Review is therefore affirmed.

Affirmed.

**ISSUED: July 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton